UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RUSSELL K. HOWARD** § | |
| § | |
| **Plaintiff,** § | Civil Action No. 4:16-CV-2622 |
| § | |
| **v.** § | |
| § | |
| **BLUE CROSS BLUE SHIELD** § | |
| **OF ARIZONA,** § | |
| § | |
| **Defendant.** § | |

## ORIGINAL COMPLAINT

Comes Now RUSSELL K. HOWARD ("Plaintiff"), filing his Original Complaint against

BLUE CROSS BLUE SHIELD OF ARIZONA (Defendant"), and states as follows:

1. Plaintiff is an individual who resides at 2927 Burning Tree, Missouri City, Texas 77459.

2. Defendant is an Arizona corporation, with principal offices at 2444 W. Palmaritas Drive, Phoenix, Arizona 85201.

3. Defendant may be served with a Summons and this Original Complaint at 2444 W. Las Palmaritas Drive, Phoenix, Arizona 85201, by and through its statutory agent, Deanna Salazar.

4. The court has jurisdiction under 28 U.S.C. Sections 1332, 2201(a) and 2202, and Sections 17.042 and 17.044, Texas Civil and Practice Remedies Code.

5. Venue is proper in this district and division of the court under 28 U.S.C.§ 1391(b) and (c).

6. Plaintiff is and at all relevant times was an employee of Sunstate Equipment Co., LLC ("Sunstate"), and a subscriber to the Defendant's group medical insurance coverage for Sunstate employees in its HAS-Eligible PPO No. WSE851284885 (the "Policy").

7. At all relevant times, Plaintiff paid all premiums for the Policy either directly or by payment deduction.

8. During late March of 2014, Plaintiff received a diagnosis of prostate cancer that called for one of two forms of radiation therapy, i.e. by photon or proton radiation. Both therapies met the Policy's requirements for medical necessity.

9. On or about May 13, 2014, and again on May 29, 2014, Plaintiff for multiple reasons, including the recommendation of his treating oncologist at the M.D. Anderson Cancer Center, Houston, Texas ("MD Anderson"), sought precertification by the Defendant for the proton therapy regimen. Defendant refused precertification.

10. On June 19, 2014, Plaintiff paid for the projected cost of the proton radiation regimen, in the amount of $105,625.00.

11. Thereafter, from on or about June 19 through September 21, 2015, Plaintiff received proton therapy treatments at the Proton Therapy Center Houston, Ltd., a provider affiliated with MD Anderson, together with periodic follow up blood testing that is ongoing today.

12. Plaintiff's provider submitted claims for the services provided to Plaintiff to the Defendant. All such claims were denied.

13. On April 24, 2015, Defendant acknowledged receipt of the initial provider appeal of the Defendant's refusal to pay its claim. On May 8, 2015, Defendant denied the appeal, citing and relying on the following:

    *"Proton beam radiation therapy is considered not medically necessary for clinically localized prostate cancer based upon insufficient evidence to support improvement of the net health outcome, and insufficient evidence to support improvement of the net heath outcome as much as, or more than, established alternatives."*

14. On June 16, 2015, Defendant acknowledged receipt of a second appeal by Plaintiff and the provider. In conjunction with the second appeal, Defendant received a detailed opinion, with substantial backup data, from MD Anderson's Dr. Seungtaek Choi, M.D., regarding the medical necessity of proton therapy to the Plaintiff. On August 12, 2015, Defendant denied the appeal through independent reviewer No. 32901, employed by MCMC, LLC ("MCMC"), which in turn had been engaged by the Defendant to process the second appeal. Concurrently, MCMC advised Plaintiff that all administrative appeals had been exhausted and that Plaintiff's only remaining effective remedy was litigation.

15. Defendant's actions are a breach of the Policy, and therefore of its contract with Plaintiff, based on his subscription thereto and payment of its premiums.

16. Therefore, Plaintiff is entitled to have judgment for the following:

a. His damages incurred as the result of Defendant's breach of contract;

b. Lawful interest thereon;

c. A judgment declaring that proton therapy is medically necessary to the Plaintiff;

d. Plaintiff's reasonable attorney's fees; and

e. All costs of court, together with such other and further relief as the court deems just.

Wherefore, premises considered, Plaintiff prays that the Defendant be summoned to appear and answer, and that upon trial hereof that he recover his and damages incurred as the result of Defendant's breach of contract, a declaratory judgment that proton radiation therapy was medically necessary to Plaintiff, for Plaintiff's attorney's fees and for Plaintiff's costs of court, and for such other and further relief as the court deems just, for all of which let execution issue.

Respectfully submitted,

_\[signature\]_

Patrick F. Timmons, Jr.
Federal Bar No. 10007
State Bar No. 20049500
8556 Katy Freeway, Suite 120
Houston, Texas 77024-1806
(713) 465-7638 Office
(713) 465-9527 Facsimile
pft@timmonslawfirm.com